IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SEAN BURKE                           :               CIVIL ACTION
                                     :
              v.                     :
                                     :
ANTHONY DIPRINZIO, et al.            :               NO. 01-2462

**ORDER-MEMORANDUM**

**AND NOW,** this 27th day of January, 2009, in consideration of Plaintiff's "Motion for Relief From Judgment in Accordance with Rule 60(b)" (Docket No. 52) and all documents filed in connection therewith, **IT IS HEREBY ORDERED** that Plaintiff's Motion is **DENIED**.

Plaintiff has asked this Court to vacate the April 8, 2002 Order-Memorandum dismissing his Complaint. The Complaint, which Plaintiff filed *pro se* pursuant to 42 U.S.C. § 1983, alleged that court reporter Anthony DiPrinzio and Deputy Court Administrator, Court Reporting Services, Janet Fasy Dowds violated his constitutional rights to due process and access to the courts by failing to provide him with a complete transcript of his criminal trial. The Complaint alleged that Mr. DiPrinzio and Ms. Dowds failed to provide him with a transcript of a sidebar discussion which occurred during his criminal trial in the Philadelphia County Court of Common Pleas. (Compl. ¶¶ IV-1, IV-10.) Plaintiff claims that the transcript of this sidebar discussion would have provided him with the proof he needed to succeed on a Post Conviction Relief Act ("PCRA") petition that was pending in the Court of Common Pleas at the time he requested the transcript. (Compl. ¶ IV-4.) Plaintiff's PCRA petition was denied. (Compl. ¶ IV-9.) Plaintiff sought an Order requiring Defendants to provide him with a transcript of the sidebar discussion as well as $80,000 in compensatory damages and $30,000 in punitive damages.

In our Order-Memorandum dismissing the Complaint, we found that the Complaint

challenged the validity of Plaintiff's conviction and post-conviction review.  (Apr. 8, 2002 Order-Mem. at 3.)  Consequently, we could not grant the relief requested by Plaintiff without a finding that he was unconstitutionally convicted.  <u>See</u>  <u>Tedford v. Hepting</u>, 990 F.2d 745, 749 (3d Cir. 1993).  Since Plaintiff's conviction had not been invalidated, his Complaint was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994) (holding that, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

Federal Rule of Civil Procedure 60(b) provides six grounds for vacating a final judgment: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud, . . . misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  Plaintiff seeks relief pursuant to grounds four, five and six.

A judgment is void for purposes of Rule 60(b)(4) if the court which rendered the judgment "'lacked jurisdiction to do so, or entered a decree that was beyond the court's power to render.'" <u>Thompson v. Wydner</u>, Civ. A. No. 04-217, 2005 WL 2886214, at *3 (E.D. Pa. Nov. 2, 2005) (quoting <u>Marshall v. Bd. of Educ.</u>, 575 F.2d 417, 422 (3d Cir.1978)).  A judgment may also be void if the court entering the judgment "'acted in a manner inconsistent with due process of law.'"  <u>In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.</u>, 434 F. Supp. 2d 323, 333 (E.D. Pa. 2006) (quoting <u>Constr. Drilling, Inc. v. Chusid</u>, 131 Fed. Appx. 366, 372 (3d Cir. 2005)).  Plaintiff does not contest this Court's jurisdiction to enter judgment in this case.  Nor does

he contend that this Court acted in a manner inconsistent with due process.  Rather,  Plaintiff contends, based upon more recent opinions of the Supreme Court, that <u>Heck v. Humphrey</u> no longer applies to his claims.  A judgment is not void merely because it is "'erroneous or based upon precedent later deemed incorrect or unconstitutional.'"  <u>Thompson</u>, 2005 WL 2886214, at *3 (quoting <u>Marshall</u>, 575 F.2d at 422).  Consequently, Plaintiff's Motion is denied as to his claim for relief pursuant to Rule 60(b)(4).

Rule 60(b)(5) provides grounds for relief from judgment if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable . . . ."  Fed. R. Civ. P. 60(b)(5).  Plaintiff does not allege in the instant Motion that his state court criminal conviction has been reversed or vacated. Instead, he contends that it would inequitable for the Court to continue to prospectively apply its Judgment in this case.  Plaintiff relies on <u>Rufo v. Inmates of Suffolk County Jail</u>, 502 U.S. 367 (1990), for the proposition that Rule 60(b)(5) applies in any case where the judgment is no longer equitable based on "a significant change either in factual conditions or in law." <u>Id.</u> at 384.  In <u>Rufo</u>, the Supreme Court determined that a party seeking a change in the terms of a consent decree could meet its initial burden of showing that "it is no longer equitable that the judgment should have prospective application, . . . by showing a significant change either in factual conditions or in law." <u>Id.</u> at 383-84.  Our April 8, 2002 Order-Memorandum did not, however, enter injunctive or other prospective relief.  <u>Rufo</u> is, accordingly, inapplicable to Plaintiff's claims and Rule 60(b)(5) provides no ground for relief in this case.  Plaintiff's Motion is, therefore, denied as to his claim for relief pursuant to Rule 60(b)(5).

"Under Rule 60(b)(6), relief is available only in cases evidencing extraordinary

circumstances." <u>Nunez v. Temple Prof'l Assoc.</u>, Civ. A. No. 03-6226, 2005 WL 3441226, at *2 (E.D. Pa. Dec. 14, 2005) (citing <u>Morris v. Horn</u>, 187 F.3d 333, 341 (3d Cir. 1999)). Plaintiff contends both that we erred in finding that the allegations of the Complaint implied the invalidity of his criminal conviction and that subsequent changes in the law warrant relief from judgment. "As an initial matter, it is well-settled in this Circuit that '[l]egal error does not by itself warrant the application of Rule 60(b).'" <u>Zuniga v. Pa. Bd. of Prob. & Parole</u>, Civ. A. No. 05-5517, 2008 WL 2510155, at *2 (E.D. Pa. June 19, 2008) (quoting <u>Pridgen v. Shannon</u>, 380 F.3d 721, 728 (3d. Cir. 2004). "'This is because "legal error can usually be corrected on appeal.'" <u>Id.</u> (quoting <u>Martinez-McBean v. Gov't of Virgin Islands</u>, 562 F.2d 908, 912 (3d Cir. 1977)). However, even if Burke's claim were cognizable under the Rule, we did not err in finding that his Complaint implied the invalidity of his conviction. Plaintiff presently contends that the sidebar discussion he sought to have transcribed would show that his counsel asked to continue his trial in order to obtain the trial transcripts from another case, which his counsel needed to impeach of one of the witnesses against Plaintiff in his criminal trial. (Pl.'s Mem. at 2.) Plaintiff further contends that his failure to obtain the transcript of this sidebar prevented him from raising this issue (his trial counsel's inability to impeach one of the witnesses against him) on direct review. (<u>Id.</u>) Plaintiff seeks, as relief, an order requiring that the sidebar be transcribed and monetary damages for the violation of his constitutional right to due process. "[P]laintiff cannot have been damaged by the inaccuracies in the transcript or by any of the alleged actions of the defendants, unless and until his conviction and sentence are vacated on constitutional grounds." <u>Tedford</u>, 990 F.2d at 749. "If the actions complained of did not deprive plaintiff of a fair and adequate appellate review of his conviction, he cannot prevail on his damage claims." <u>Id.</u> Consequently, we conclude that we did not err in finding that the

4

Complaint implied the invalidity of Plaintiff's criminal conviction.

Plaintiff also contends that the Supreme Court's decision in Muhammad v. Close, 540 U.S. 749 (2004), makes it clear that he may seek relief pursuant to Section 1983 in this case and that he is not limited to habeas corpus. In Muhammad, the Supreme Court held that a prisoner could bring suit pursuant to Section 1983 for damages for physical, mental and emotional injuries suffered while he was confined in special detention for violating prison rules. Id. at 752-55. The Supreme Court explained, in this decision, when prisoners may file suit under Section 1983, and when they must seek habeas relief:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C § 2254, and a complaint under the Civil Rights Act of 1871, Rev Stat § 1979, as amended, 42 U.S.C § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 36 L. Ed. 2d 439, 93 S. Ct. 1827 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. In Heck v. Humphrey, 512 U.S. 477, 129 L. Ed. 2d 383, 114 S. Ct. 2364 (1994), we held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.

Id. 540 U.S. at 750-51. The Supreme Court further determined that "Heck's requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence. There is no need to preserve the habeas exhaustion rule and no impediment under Heck in such a case . . .

." <u>Id.</u> at 751-52 (footnote omitted).

Plaintiff's Complaint implies the invalidity of his underlying state court conviction, consequently, there has been no change in the law that warrants relief from our April 8, 2002 Order-Memorandum dismissing the Complaint.   We find, therefore, that there are no extraordinary circumstances that require relief pursuant to Rule 60(b)(6) in this case.   Plaintiff has failed establish any reason justifying relief from the operation of our April 8, 2002 Order-Memorandum dismissing the Complaint in this action.   Accordingly, Plaintiff's Motion for Relief from Judgment is denied.


BY THE COURT:


/s/ John R. Padova

_____

John R. Padova, J.


6